IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| STATIONS WEST, LLC, an Oregon limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 06-1419-KI |
| vs. | ) ) ) | OPINION AND ORDER |
| PINNACLE BANK OF OREGON, an Oregon corporation, BP WEST COAST PRODUCTS, a Delaware limited liability company, and JOEL PARKER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Terrance J. Slominski
Slominski & Associates
Commerce Plaza
7150 S.W. Hampton Street, Suite 201
Tigard, Oregon  97223

　　　　Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Mark M. LeCoq
Joel A. Parker
Schwabe, Williamson & Wyatt, P.C.
1600-1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, Oregon  97204

    Attorneys for Defendant Pinnacle Bank of Oregon

Douglas C. Berry
Mark Owen Gabrielson
Graham & Dunn P.C.
Pier 70 ~ Suite 300
2801 Alaskan Way
Seattle, Washington  98121

    Attorney for Defendant BP West Coast Products LLC

Jonathan Mark Radmacher
J. Kurt Kraemer
Barry L. Groce
McEwen Gisvold LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon  97204

    Attorneys for Defendant Joel Parker

KING, Judge:

Plaintiff Stations West LLC brought claims for wrongful foreclosure, breach of contract and violation of the Petroleum Marketing Practices Act ("PMPA"), and claims for conversion and trespass against BP West Coast Products LLC ("BP"). BP filed counterclaims for recovery of amounts due under two Loan Agreements, as well as associated late fees, and amounts due for gasoline deliveries. The Court dismissed Stations West's claims, and granted judgment to BP on its counterclaims in the amount of $470,322.98, with post-judgment interest. Before the court is

Page 2 - OPINION AND ORDER

BP's Motion for Attorney Fees and Costs (#123). For the following reasons, I grant the motion in part.

## LEGAL STANDARDS

In addressing a petition for attorney fees, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). In determining what constitutes a reasonable fee, the district court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Morales, 96 F.3d at 363 n.8.

Next, the court must consider the necessity of adjusting the lodestar amount, based on the Kerr factors not already subsumed in the lodestar calculation. Id. at 363-64.

There is a strong presumption, however, that the lodestar amount is a reasonable fee and should only be enhanced in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 3 - OPINION AND ORDER

**DISCUSSION**

BP seeks attorneys' fees in the amount of $29,751.50 and costs in the amount of $557.46 for the time spent prosecuting its counterclaims. BP represents that its attorneys and a paralegal spent a total of 111.5 hours pursuing its counterclaims, with a range in rates between $105 to $360 an hour. The costs are for deposition transcripts ($213), airfare to Portland ($259), parking and a taxi the day of the oral argument ($76), and a Federal Express charge ($9.46).

The Loan Agreements provide authority for the Court to award attorneys' fees and costs to BP. Section 10.9 and 10.10 of the Loan Agreements provide:

> <u>Attorney's Fees</u>. If any lawsuit, reference or arbitration is commenced which arises out of or relates to this Agreement, the Note, the other Loan Documents or the Loan, the prevailing party shall be entitled to recover from the other party such sums as the court, referee or arbitrator may adjudge to be reasonable attorneys' fees in such action, in addition to costs and expenses otherwise allowed by law.

Cuneo Decl. Exs. 3 and 4.

BP is entitled to attorneys' fees, but I do not find the amount requested to be reasonable. BP's Memorandum in Support of its Motion for Summary Judgment on its counterclaims was six pages, and I devoted about one and a half pages of an 18-page Opinion and Order to BP's counterclaims. Stations West neglected to file an answer to the counterclaims, and presented no evidence challenging the Loan Agreements. I also note, for example, that BP spent approximately nine and a half hours, and charged approximately $1,200[2], to draft Affirmative Defenses and Counterclaims in its Answer to Stations West's First Amended Complaint that were almost identical to those in the first Answer, and to respond to Stations West's allegations

---

[2] I assume that approximately half the 2.5 hours on 9/4/2007 was spent drafting the Answer to Amended Complaint.

Page 4 - OPINION AND ORDER

by denying them, asserting that it lacked the knowledge to respond, or that the allegation was not asserted against it.

I recognize that BP suggests it could have sought attorneys' fees for the time it spent defending Stations West's lawsuit, which amounted to a total of $174,112.49, and that it is requesting only a portion of those fees. I think it is debatable that Stations West's lawsuit could be said to "arise[] out of or relate[] to" the Loan Agreements, since Stations West was focused on the foreclosure, and the related alleged conversion and trespass, as well as a claim that BP owed Stations West a duty to price the gasoline to ensure Stations West made a profit, as opposed to challenging any provisions of the Loan Agreements. Regardless, I must focus on the fees requested and whether those fees are reasonable. As I indicate above, I do not find the amount requested to be reasonable.

In sum, I award BP attorneys' fees in the amount of $14,875.75, which represents half of its request. I think that amount represents a reasonable attorneys' fee award.

As for BP's request for costs, the language of the Loan Agreement limits an award of costs "otherwise allowed by law." As the prevailing party, BP is entitled to costs other than attorneys' fees as a matter of course, unless a federal statute, the Federal Rules of Civil Procedure, or the Court otherwise directs. Fed. R. Civ. P. 54(d)(1). Expenses which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920. BP is entitled to $213 for deposition transcripts, but the other costs are not subject to reimbursement under 28 U.S.C. § 1920. See Hells Canyon Preservation Council v. U.S. Forest Serv., No. CV-00-755-HU, 2004 WL 1853134, * 14 (D. Or. Aug. 18, 2004) (denying reimbursement for travel fees and Federal Express costs).

Page 5 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I GRANT in part BP's Motion for Attorneys' Fees and Costs (#123). BP is entitled to attorneys' fees and costs in the amount of $15,088.75.

IT IS SO ORDERED.

Dated this ___3rd___ day of June, 2008.

                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge